```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

MALINI DEODAT and OMADAT DEODAT

                    Plaintiffs,                MEMORANDUM & ORDER
                                               22-CV-4650(EK)(LB)
          -against-

MAURICE RICHARD and MONIQUE WILLIAMS,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Defendants Maurice Richard and Monique Williams endeavored to remove this eviction case from the New York City Civil Court, County of Queens. *See* Not. of Removal 30–31, ECF No. 1. Neither defendant paid the required filing fee. *See* 28 U.S.C. § 1914. Instead, they have submitted an "Affidavit in Lieu of In forma Pauperis," ECF No. 6. That document provides no information about Defendants' assets or income to suggest that they are "unable to pay" filing fees "or give security therefor." *See* 28 U.S.C. § 1915(a)(1). Therefore, *in forma pauperis* status is denied. *See Pownall El v. State of New York*, No. 21-CV-5630 (E.D.N.Y. May 10, 2022) (denying *in forma pauperis* status where, as here, the litigant submitted a deficient affidavit), ECF No. 8; *Bey v. Queens County, Supreme Cts.*, No. 19-CV-2038, 2019 WL 11690197, at *2 (E.D.N.Y. May 1, 2019) ("Plaintiffs' submissions do not describe Plaintiffs'

ability to pay the required fees or provide a statement of Plaintiffs' assets as required by the IFP statute.  Therefore, the Court is unable to conclude that Plaintiffs are indigent for IFP purposes.  Accordingly, Plaintiffs' IFP applications are hereby denied and the action is dismissed without prejudice.").

Additionally, it is apparent that this Court would lack subject-matter jurisdiction over this case.  The underlying state eviction proceeding does not present any federal question but rather invokes only state eviction law.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) ("[A] defendant may not generally remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.").  Nor have Defendants, as the removing parties, shown that they are completely diverse as to the Plaintiffs, or that the amount-in-controversy exceeds $75,000, as required to invoke the Court's diversity jurisdiction.  *See* 28 U.S.C. § 1332(a); *see also Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) ("Because [defendant] sought to remove plaintiffs' suit to federal court, [defendant] bore the burden of establishing that the requirements for diversity jurisdiction were met.").  Thus, remand is required.  *See* 28 U.S.C. § 1447(c); *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 41 (2d Cir. 1991).

This action is therefore remanded to the Civil Court of the City of New York, County of Queens. The Clerk of Court is respectfully directed to remand the action, to send a certified copy of this Order to the Clerk of that court, to mail a copy of this Order to Defendants, and to close this case.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    November 30, 2022
           Brooklyn, New York